UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00095-LLK

**NATHAN W.**                                              **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the pro-se Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for social security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 15 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 12].

Plaintiff makes four arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

The ALJ found that Plaintiff was not disabled from July 1, 2016, when he alleges that he became disabled, through May 23, 2019, when the ALJ issued his decision. [Administrative Record, Doc. 11 at 25-26].

In support, the ALJ followed the five-step sequential evaluation process, which applies in all social security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2016. *Id.* at 18.

1

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease status post L4-L5 fusion, status post right knee replacement, post-traumatic stress disorder (PTSD), depression, and anxiety. *Id.*

Third, the ALJ found that Plaintiff's impairments do not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, notwithstanding his physical and mental impairments, Plaintiff:

> … has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds; frequently stoop and kneel; occasionally crouch; frequently crawl; and must avoid concentrated exposure to vibration and hazards such as unprotected heights and moving mechanical parts. The claimant can understand, remember, and carry out simple instructions; can sustain attention and concentration for extended periods of two-hour segments for simple tasks; interact occasionally with supervisors, coworkers, and the public, and adapt to gradual infrequent changes as needed.

*Id.* at 19.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 24.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, light jobs in the national economy such as small product assembler, produce sorter, and laundry folder. *Id.* at 25.

**Standard of review**

The Court's review of the ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 273 (6th Cir. 1997). The substantial-evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r*, 375 F.3d 387, 390 (6th Cir. 2004). "The substantial-evidence standard … presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Sec'y of Health & Human Servs.*, 800 F.2d 535, 545 (6th Cir. 1986). Therefore, if substantial evidence supports the

ALJ's decision, the Court must defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Key*, 109 F.3d at 273.

## Plaintiff's first argument is unpersuasive.

First, Plaintiff argues that the ALJ's finding of lack of disability is not supported by substantial evidence because, post-surgically, he was unable to sustain his past relevant work as a maintenance electrician, as anticipated by surgeon Clint P. Hill, M.D., and Matt Hughes, PA-C (certified physician's assistant). [Doc. 15].

On February 3, 2015, Dr. Hill performed a back fusion surgery at the L4-L5 level. [Doc. 11 at 846]. After the surgery, Plaintiff returned or attempted to return to his prior job as an electrician for a relatively brief period of time. According to Plaintiff, both before and after the surgery, Dr. Hill and PA-C Hughes advised, or warned, Plaintiff that he might not be able to return to or sustain that job.

The argument is unpersuasive because Plaintiff alleges that he became disabled on July 1, 2016, and the ALJ found that, as of that date, he could no longer perform any past relevant work, including his prior job as a maintenance electrician. [Doc. 11 at 24].

## Plaintiff's second argument is unpersuasive.

Second, Plaintiff argues that the ALJ's residual functional capacity (RFC) finding is not supported by substantial evidence in light of the findings of an independent medical evaluation (IME), which Plaintiff attaches to his fact and law summary. [Doc. 15].

On May 23, 2019, the ALJ found, among other things, that Plaintiff can "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can … frequently stoop and kneel." [Doc. 11 at 19]. On October 20, 2016, physical medicine and rehabilitation specialist Jeffrey A. Uzzle, M.D., issued an IME, opining, among other things, that:

> A letter from Dr. Hill September 9, 2015 is reviewed. He opined the work injury involved exacerbation of lumbar degenerative disc with development of left lumbar radiculopathy. Permanent restrictions are anticipated for his lower back and the need for proper lifting

3

>techniques and avoidance of activities that could aggravate his lower back. He will have to avoid crouching, stooping, lifting and pulling.

[Doc. 15 at PageID. 1553].

The argument is unpersuasive for three reasons.

First, Dr. Uzzle's IME apparently is not in the administrative record. Therefore, because it apparently was not before the ALJ, the Court may not consider it in determining whether the ALJ's decision was supported by substantial evidence.

Second, there is no allegation or evidence that Dr. Uzzle's findings would preclude the unskilled, light jobs the ALJ found Plaintiff can perform (i.e., small product assembler, produce sorter, laundry folder).

Third, even if Dr. Uzzle's IME had been before the ALJ, the ALJ would not have been bound by it. This is because the new rules for weighing medical opinions apply as Plaintiff filed his applications for disability benefits in October 2017. [Doc. 11 at 15]. *See* 20 C.F.R. § 404.1520c ("For claims filed … on or after March 27, 2017, the rules in this section apply.").

Under the new regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors" when determining the persuasiveness of an opinion. 20 C.F.R. 404.1520c(c)(1)-(5). But the ALJ need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2).

### Plaintiff's third argument is unpersuasive.

Third, Plaintiff argues that the ALJ's discounting of the disabling medical opinion of his treating advanced practice registered nurse (APRN) is not supported by substantial evidence. [Doc. 15].

On August 8, 2018, APRN Leon Kehrer completed the Lumbar Spine Medical Source Statement form in support of Plaintiff's disability claim. [Doc. 11-1 at 917-20].

The ALJ found APRN Kehrer's Statement to be unpersuasive for the following reasons:

> The undersigned finds the opinion of Mr. Kehrer dated August 8, 2018, unpersuasive (B9F). It was opined that the claimant can sit and stand for ten minutes at a time for less than two hours in an eight hour workday; requires unscheduled breaks and the ability to elevate his legs; can lift and carry only ten pounds rarely; will be off task twenty percent of the time; has bilateral hand limitations; and will miss more than four days of work per month. Hand limitations lack support as the claimant has normal strength in the upper extremities (e.g. B10F/1 and B11F/65). Off task limitations lack support as psychiatric reviews generally show normal mood, affect, behavior, judgment, thought content, cognition, and memory (e.g. B16F/26). Additionally, the claimant testified that he does not have issues forgetting things. Lift and carry limitations are inconsistent with the claimant's testimony that he can lift thirty pounds consistently. Overall, limitations provided in this opinion are an overstatement of the claimant's limitations and are not persuasive.

[Doc. 11 at 23]. These reasons comport with the new rules for weighing medical opinions (discussed above).

### Plaintiff's fourth argument is unpersuasive.

Fourth, Plaintiff argues that he is disabled because, "[o]n page 73 of 105," there is evidence that he suffers from paresthesia, peripheral neuropathy, and muscle cramps. [Doc. 15].

The argument is unpersuasive for three reasons.

First, "[o]n page 73 of 105" is not a proper citation to the administrative record, and neither the Commissioner [Doc. 19 at PageID.1569] nor this Court is able to locate the page to which Plaintiff refers in the administrative record.

Second, Plaintiff does not allege or show that any medical source opined that he suffers from paresthesia, peripheral neuropathy, and muscle cramps to the extent of precluding the jobs the ALJ found he can perform.

Third, even if such a medical opinion had been before the ALJ, the ALJ would not have been bound by it under the new rules for weighing medical opinions (discussed above).

**Order**

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

June 10, 2022

Lanny King, Magistrate Judge
United States District Court